The motion for a non-suit was properly overruled. It was conceded that the plaintiff was entitled to recover upon one of the notes mentioned and described in the complaint, and the request should have been, in form, to have the judge instruct the jury that the plaintiff was only entitled to recover on that note, and upon refusal, to have taken an exception. *Page 665 
The notes mentioned and set out were promissory notes, within the rules laid down by this court in the cases of Fairchild v.Ogdensburgh Railroad Company (15 N.Y. 337); Hodges v.Shuler (22 N.Y. 114); Bull v. Sims (23 N.Y. 570.) The possession of the notes by the plaintiff furnishes prima facie
evidence that the endorsement of Barnum was made upon a good consideration before maturity. (Pratt v. Adams, 7 Paige, 639.)
The plaintiff, as the owner and holder of these notes, was entitled to recover the amount specified therein, unless the defendants established a valid and legal defense. By the terms of the agreement referred to in the notes, Barnum, the payee, at the maturity of the $20,000 note, was to have the election either to take said stock and cancel all of said notes, or enforce payment thereof. And upon payment of all of said notes, the defendants were entitled to a re-tranfer of said stock. The transfer of the interest notes, and the commencement of this action to recover the amount thereof, conclusively indicate that Barnum made the election to enforce payment of the notes. The defendants engagement to pay the same was absolute and unconditional, and they were not entitled to a return of the stock until they made payment of said notes. If they, therefore, wished such return, they should have made such payment or tender thereof, and demanded the stock; but not having done so, their liability on the notes remains.
The judgment should be affirmed, with costs.
WRIGHT, MULLIN and INGRAHAM, JJ., were in favor of affirmance.
SELDEN and HOGEBOOM, JJ., and DENIO, Ch. J., were for reversal, the latter thinking, however, that the instruments were promissory notes, but that the holder took them with notice of the agreement and the concurrent conditions.
Judgment affirmed. *Page 666